IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL D. BOUWENS,<br><br>　　　　　Defendant. | 4:22-CR-3147<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 45) and moved for a downward variance (filing 47).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report in two respects, which are factually related. First, he objects to the assessment of a two-level enhancement to the offense level pursuant to U.S.S.G. § 2G2.2(b)(3)(F) for knowingly engaging in distribution of child pornography. Filing 45 at 1. That enhancement applies if, among other things, the defendant "knowingly committed the distribution" or "aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution." § 2G2.2 cmt. n.2. The defendant argues that his use of the "eMule" peer-to-peer file sharing program, standing alone, doesn't support the enhancement. Filing 45 at 1.

The defendant doesn't expand on that argument, but in the Court's experience there are two possibilities. Generally, a peer-to-peer network like eMule works by distributing files to users and then making those distributed files available to other users. *See United States v. Griffin*, 482

F.3d 1008, 1013 (8th Cir. 2007). So, one possibility is that the defendant—to the extent possible—disabled uploading from his eMule client. The other, more common possibility is that the defendant simply didn't know how eMule worked, and was unaware that it was uploading data in addition to downloading it, so he wasn't "knowingly" distributing. *See United States v. Durham*, 618 F.3d 921, 930 (8th Cir. 2010).

In fact, in *Durham*, the Eighth Circuit squarely held that an unsophisticated user who doesn't know that his file-sharing software uploads data isn't subject to a distribution enhancement. *Id.* at 931. It can, however, be applied if there are other facts—such as, for instance, evidence of a defendant's technological sophistication—supporting an inference that the defendant knew how the software worked. *See id.* at 929. *United States v. Lynch,* 757 F.3d 780, 782 (8th Cir. 2014). And "[a]bsent concrete *evidence* of ignorance—evidence that is needed because ignorance is entirely counterintuitive—a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose." *United States v. Dodd,* 598 F.3d 449, 452 (8th Cir. 2010).[1]

---

[1] The Court is aware that at the time of *Dodd*, § 2G2.2(b)(3)(F) didn't include an express scienter requirement, and that the Eighth Circuit has subsequently found it "unnecessary" to decide whether *Dodd* is consistent with the amended guideline. *See United States v. Martinez,* 970 F.3d 986, 989 (8th Cir. 2020); *United States v. Nordin,* 701 F. App'x 545, 547 (8th Cir. 2017). But until the Eighth Circuit revisits it, this Court considers itself bound by *Dodd*'s clear holding: that knowing distribution is permissibly inferred from the defendant's use of a file-sharing program, in the absence of evidence that the defendant *didn't* know how it worked. *See Dodd,* 598 F.3d at 452; *accord United States v. Esqueda,* 599 F. App'x 608, 609

- 3 -

But the enhancement must be decided on a case-by-case basis, keeping in mind that the government bears the burden of proving it. *Durham*, 618 F.3d at 931. And at the very least, the government must present evidence that the defendant actually uploaded and downloaded files using his file-sharing program. *See Dolehide*, 663 F.3d at 348; *see also United States v. Mayokok*, 854 F.3d 987, 991 (8th Cir. 2017). Accordingly, the Court will resolve this issue at sentencing.

Second, and along the same lines, the defendant objects to the presentence report's failure to provide a two-level reduction to the offense level pursuant to § 2G2.2(b)(1), which is available when "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and "the defendant did not intend to traffic in, or distribute, such material." Filing 45 at 1-2. But there are two requirements for that reduction: that the defendant didn't intend to distribute, *and* that the defendant's conduct was *actually* limited to receipt or solicitation. *United States v. Shelabarger*, 770 F.3d 714, 718 (8th Cir. 2014).

In other words, any transferring or sharing—without regard to knowledge—precludes application of this reduction. *United States v. Scruggs*, 799 F. App'x 432, 433 (8th Cir. 2019); *see Haney v. United States*, 962 F.3d 370, 374 (8th Cir. 2020). And while the government bears the burden of proving the applicability of an enhancement to the offense level, the defendant bears the burden of proving the applicability

---

(8th Cir. 2015); *United States v. Chase*, 717 F.3d 651, 654 (8th Cir. 2013); *United States v. Dolehide*, 663 F.3d 343, 347 (8th Cir. 2011).

of a reduction to the offense level. *Shelabarger*, 770 F.3d at 717-18. Accordingly, the Court will also resolve this issue at sentencing.

The defendant has also moved for a downward variance based on his personal circumstances, the circumstances of the offense, and this Court's decisions in *United States v. Abraham*, 944 F. Supp. 2d 723 (D. Neb. 2013) and *United States v. Smith*, No. 4:20-CR-3085, 2021 WL 4947575 (D. Neb. Oct. 25, 2021). Filing 47. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 14th day of March, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge